■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WALLACE, Also Known as ROBERT A. WALLACE, Appel-

lant.—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered February 2, 1989 convicting defendant of criminally negligent homicide and sentencing him to an indeterminate term of imprisonment of from 1⅓ to 4 years, unanimously affirmed.

In the early morning hours, after an evening spent at an upper west side bar, the deceased, an innocent bystander who had attempted a peacemaking role, was killed as a result of a whirling karate-type kick inflicted by defendant with a heavily booted foot to his neck. The proof of guilt, which not even defendant challenges, was overwhelming.

Defendant does raise several other issues, including the introduction of hearsay evidence which, he alleges, was repeatedly exploited by the prosecution on summation. Specifically, defendant argues that the court improperly admitted statements of a waiter introduced by other witnesses, to the effect that defendant and his group were giving him trouble and that defendant had been asked to leave the bar, while, in contrast, the deceased and his friends, who were well behaved, could remain. Initially, we note that there was no explicit testimony, hearsay or otherwise, that the deceased and his group were well behaved. Our examination of the record reveals only that a prosecution witness, David Collins, who had accompanied defendant on the night in question, testified, after some prodding, that defendant was asked to leave the bar because he was "getting rowdy". There was also testimony, received without objection, that after the lights had been turned out the same waiter had told the deceased and the members of his group that they could remain an extra 5 or 10 minutes to finish their drinks. The court sustained an objection before the jury could hear the reason as to why the deceased and his group were being extended such a courtesy. Thus, the prosecution's comment on summation that none of the deceased's group had been asked to leave the bar while defendant had been "kicked out" was within the scope of competent evidence. Moreover, the comment was entirely appropriate, especially since defense counsel attempted to portray the deceased and his friends as troublemakers, who had had too much to drink.

The 911 tape was properly introduced to demonstrate that the caller, one of the deceased's friends, was not intoxicated and completely coherent. After listening to the tape, we are persuaded that its relevancy far outweighed any prejudicial effect.

We have examined defendant's other contentions and find

that they are without merit. Concur—Sullivan, J. P., Carro, Asch, Milonas and Wallach, JJ.